

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2004

# Gorini v. AMP Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2053

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Gorini v. AMP Inc" (2004). *2004 Decisions.* Paper 95.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/95

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2053

JOSEPH B. GORINI

v.

AMP, Incorporated,
or its Successor In Interest
TYCO ELECTRONICS, INC.

Tyco Electronics, Inc.,
Appellants

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 99-cv-02215)
District Court Judge:  Honorable Yvette Kane

Submitted Under Third Circuit LAR 34.1(a)
December 7, 2004

Before:  RENDELL and FISHER, Circuit Judges,
and YOHN*, District Judge.

(Filed: December 8, 2004 )

OPINION OF THE COURT

_____

*Honorable William H. Yohn, Jr., Senior District Court Judge for the Eastern District of
Pennsylvania, sitting by designation.

RENDELL, <u>Circuit Judge</u>.

Tyco Electronics Corporation ("Tyco") appeals from the final order of the District Court granting Joseph Gorini $78,934.10 in attorney's fees and $5,909.88 in costs.[1] Tyco contends the District Court erred in awarding Gorini attorney's fees for duplicative work performed by multiple attorneys and for time spent on claims that ultimately were not successful. Tyco also asserts that the District Court erred in awarding costs for unauthorized items and items Gorini failed to demonstrate were necessary. We affirm because we conclude that the District Court did not abuse its discretion in determining as reasonable an award of attorney's fees and costs.

I.

This case arises out of a work force reduction effected by AMP, Inc. (Tyco's predecessor) which resulted in Gorini's termination. Gorini filed this action against Tyco in the District Court alleging that his termination violated the Employee Retirement Income Security Act of 1974 ("ERISA") and the Worker Adjustment and Retraining Notification Act ("WARN Act"). He alleged that he was owed benefits due under two severance plans maintained by Tyco and that Tyco had failed to supply him with information requested regarding those plans in a timely fashion. Gorini also asserted a breach of contract claim for unpaid vacation time under state law. In answering, Tyco

---

[1]The District Court exercised jurisdiction under 28 U.S.C. §§ 1331 & 1367; this Court has jurisdiction under 28 U.S.C. § 1291.

asserted two counterclaims – the first, to recover duplicate severance pay, and the second, to recover an overpayment under one of the two plans.

The parties filed cross-motions for summary judgment as to all claims and counterclaims. The District Court granted Gorini's motion as it related to five instances of failure to disclose and report under ERISA by Tyco, and awarded Gorini approximately $160,000 in penalties. Gorini's motion was otherwise denied. The District Court granted Tyco's motion for summary judgment as to an additional allegation of failure to disclose under ERISA, and denied Tyco's motion in all other respects.

Following a bench trial on the remaining claims, the District Court found in favor of Gorini on claims concerning the WARN Act and unpaid vacation time, and in favor of Tyco regarding an outstanding failure to disclose issue and its counterclaim for duplicate severance pay.

Altogether, Gorini was awarded $162,743.25 in damages – $1,784.77 of which was deemed to constitute back pay, $178.48 deemed wages or vacation pay, and the remainder penalties for the ERISA violations awarded on summary judgment. Tyco was awarded $19,355 as reimbursement for duplicate severance pay. We affirmed the judgment of the District Court, *see Gorini v. AMP Inc.*, 94 Fed. Appx. 913 (3d Cir. 2004), and later denied a petition for rehearing *en banc*.

## II.

While the damages judgment was on appeal, the District Court considered Gorini's

Petition for an Award of Fees and Costs. Gorini sought $81,267 in fees and $5,951.35 in costs pursuant to respective fee provisions of ERISA and the WARN Act, both of which allow a court to exercise its discretion and award "reasonable" attorney's fees and costs.[2] The District Court evaluated each of the five policy factors we set forth in *Ursic v. Bethlehem Mines*, 719 F.2d 670 (3d Cir. 1983) and developed further in *McPherson v. Employees' Pension Plan of Am. Re-Insurance Co.*, 33 F.3d 253 (3d Cir. 1995) – (1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorney's fees; (3) the deterrent effect of an award of attorney's fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position.

After determining that Gorini was entitled to an award of fees based on these factors, the District Court employed the "lodestar" method, which calls for multiplication of time reasonably expended on litigation by a reasonable hourly rate, *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), to determine the appropriate amount of that award. The District Court first found reasonable the rates claimed by Gorini's counsel, the highest of which was $150. As to the time expended by attorneys Zucker and Brown, the

---

[2] The WARN Act fee provision applies only to "prevailing parties," 29 U.S.C. § 2104(a)(6), and we previously have noted that where "the fee-shifting statute authorizes an award of attorney's fees to a 'prevailing plaintiff,' that party 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *United Steelworkers of Am. v. North Star Steel Co.*, 5 F.3d 39, 44 (3d Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)). In contrast, ERISA's fee provision allows for a reasonable award to either party. *See* 29 U.S.C. § 502(g)(1).

two lead attorneys on the case, the District Court found the total time of 588.4 hours proffered by counsel to be reasonable on its face "considering the complexity of this litigation that was stretched out over several years and complicated by [Tyco's] dilatory conduct." (Mar. 14, 2003 Memo. and Op. at 9). However, the District Court sustained Tyco's objection and excluded from the total 5.2 hours spent on a post-trial settlement demand because such post-trial efforts were not necessary to the outcome of the trial itself. Further, based on Tyco's protestation that Gorini had achieved only minimal success in his lawsuit, the District Court found it reasonable to reduce the entire lodestar award amount by two percent. Gorini thus received $78,934.10 in attorney's fees.

As to costs, Tyco objected to all but $412.74 of claimed expenses; the District Court, finding reasonable and allowable costs for, *inter alia*, transcripts, postage, phone calls and witnesses, was persuaded to reduce the award by only $21.19 for meals and $20.28 for supplies. Gorini received $5,909.88 in costs. The reasonableness of a district court's award of attorney's fees and costs is reviewed for abuse of discretion. *See Lanni v. New Jersey*, 259 F.3d 146, 148 (3d Cir. 2001).

III.

Tyco first contends the District Court abused its discretion by awarding Gorini fees for "duplicate effort." Tyco argues that time spent by more than one attorney in a meeting or at a conference, or time spent by both attorneys Brown and Zucker perfecting a brief, should not be reimbursed. In support, Tyco cites *Daggett v. Kimmelman*, 811 F.2d 793

5

(3d Cir. 1987), but its reliance is misplaced. In affirming a district court's ten percent reduction in billable hours for which a petitioner sought reimbursement, we stressed that district court judges must not act perfunctorily in ordering reductions but rather, "must analyze the circumstance requiring the reduction and its relation to the fee, and it must make specific findings to support its action." *Id.* at 797 (citation omitted). We concluded that the district court in *Daggett* had provided sufficient support by pointing to numerous instances in which three or four attorneys spent time drafting the same memoranda, preparing for oral argument and attending court. We will not disturb the District Court's determination here that fees should be awarded to Gorini for occasional time spent by both attorneys Zucker and Brown engaging in the same tasks.

Tyco next asserts that Gorini's fee award should be reduced by time expended, after the close of discovery and filing of dispositive motions, on claims and defenses that ultimately were unsuccessful. Tyco proposes a 33 percent reduction of time spent on trial preparation, trial time and post-trial briefing. During this stage of the litigation, Tyco states, Gorini's severance pay claims predominated, not his claims under the WARN Act. Because it successfully defended the severance claims, Tyco argues Gorini should not recover for time spent litigating those claims. Tyco also argues that 13.4 hours spent by attorney Zucker prepping for trial should be excluded because she ultimately was called as a witness and was unable to try the case.

Gorini claims that Tyco is arguing for the first time on appeal for a percentage

6

reduction based on pre-trial work and an hourly reduction based on attorney Zucker's inability to participate in the trial because of her witness status. Therefore, Gorini argues, these issues were waived. Tyco maintains that it has consistently objected to the amount of fees requested, and sought related reductions, based on Gorini's limited success. Though Tyco did not specifically propose a 33 percent reduction in the District Court, it did ask that Gorini's unsuccessful claims be severed and thus rendered ineligible for reimbursement. Tyco apparently did not advance a specific reduction request based on Zucker's witness status, though ostensibly its objection regarding duplicative time spent by her and attorney Brown comprises the requested 13.4 hour reduction. The District Court's decision reaches both of these contentions, and the relevant analysis therein is sound.

The Supreme Court has explained:

> In [many] cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Hensley*, 461 U.S. at 435. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. . . . [T]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id.* The District Court characterized Gorini's success as "excellent." It also noted that

Gorini's unsuccessful claims were closely related to, and arising out of a common core of facts as, those on which he did enjoy success. Additionally, it bears noting that the District Court did impose a reduction, albeit a small one, based upon Gorini's limited success litigating his breach of contract claim. Though the District Court did not consider the breach of contract claim entirely severable, it observed that there exists no fee shifting provision for such a claim and thus reduced the overall award by a reasonable amount. The District Court did not abuse its discretion in refusing to sever Gorini's unsuccessful ERISA claims, and Tyco's proposed 33 percent reduction will not be applied.

Finally, Tyco argues that Gorini is not entitled to the vast majority of costs awarded him. It claims that, under the District Court's Local Rules dealing with taxable items, copying costs are specifically excluded while phone, mail and fax charges are not explicitly enumerated and are thus unallowable by virtue of their omission. We do not view a local rule concerning taxable items as controlling over what a district court may award in costs under a federal statutory authorization. The District Court conducted a line-by-line analysis of Gorini's costs and excluded those it found unreasonable. It did not abuse its discretion in granting the remainder of claimed costs.

## IV.

For the reasons stated above, we will AFFIRM the District Court's award of attorney's fees and costs to Appellee Joseph Gorini.